**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01186-O** |
| | § | |
| **BIBY ANCY KURIAN,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Reconsideration of Garnishment, Clarification of Balance, and Request for Hearing that Defendant Biby Kurian filed on December 29, 2025 (ECF No. 16) and the response that Plaintiff United States of America filed on January 9, 2026 (ECF No. 18). By Order of January 5, 2026, Chief United States District Judge Reed O'Connor referred Kurian's motion (ECF No. 16) to the undersigned. After reviewing the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Kurian's Motion (ECF No. 16).

## I.   BACKGROUND

On August 19, 2022, the Court entered a criminal judgment against Biby Kurian and ordered her to pay $646,079.00 in restitution, jointly and severally with co-defendant Jeffrey Madison. *See* ECF No. 373 at 4, *United States v. Kurian*, No. 4:22-cr-00034-O-03 (N.D. Tex. Aug. 19, 2022). As of October 22, 2025, Kurian's outstanding balance was $562,248.28. ECF No. 1 at 2. Therefore, on that date, the United States applied for a writ of garnishment in the present separate civil suit. *Id.* at 1. On October 28, 2025, the United States obtained that writ against Fidelity Investments ("Fidelity"). ECF No. 8. On November 13, 2025, Fidelity answered. ECF No. 9. On

November 18, 2025, the United States sent Kurian and her non-debtor husband a copy of the garnishment process. ECF No. 11-1 at 1, 3. Kurian says that she received this copy on November 20, 2025. ECF No. 16 at 1. Both Kurian and her husband returned waivers of service on November 28, 2025. *Id.* at 2, 4. On December 10, 2025, Kurian first requested a hearing. ECF No. 13. Later, on December 29, 2025, Kurian moved to reconsider the garnishment and recognize the correct remaining restitution balance, and she again requested a hearing. ECF No. 16.

In her motion, Kurian writes that her previous counsel erroneously informed her that her obligation under the Court's judgment was to pay only half of the $646,079.00 restitution sum the Court ordered—some $323,089.50. *Id.* at 2. In August 2025, after a conversation with Kurian's probation officer, Kurian contends that the probation officer informed her that she had a remaining balance due of $448,228.03. *Id.* at 3. On October 6, 2025, Kurian had a meeting with her probation officer and the officer's supervisor, in which she alleges the probation team reaffirmed that sum and instructed Kurian to make a lump sum payment of $224,114.00 followed by fourteen monthly payments of $16,008.00. *Id.* at 4. However, Kurian says she only later learned from a representative from the Financial Litigation Unit ("FLU") at the United States Attorney's Office that her outstanding balance was $562,248.28, not $448.228.03. *Id.* at 3. After the United States initiated the present garnishment proceeding, Kurian paid the $224,114.00 lump sum payment. *Id.* at 4. When she later sought clarification of her balance, Kurian alleges that the Assistant United States Attorney ("AUSA") assigned to her case refused to allow a representative from the FLU to explain to Kurian the nature of the discrepancy between the figure probation gave her and the figure the FLU gave her. *Id.* at 4-5. Representatives from U.S. Probation have reportedly told her to talk to the FLU, while the AUSA has instructed her not to contact the FLU and instead deal with U.S. Probation. *Id.* at 5.

On December 29, 2025, Kurian made a further payment of $128,000.00 towards her restitution balance. *Id.* at 6. Kurian's present position is that her current balance is $91,616.38. *Id.* Citing to her confusion and alleging inconsistent sources, Kurian now seeks the Court's recognition of her remaining obligation in the total of $91,616.38 and asks the Court to reconsider its garnishment writ, set a hearing, and grant other relief. ECF No. 16 at 6.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 3202 permits a judgment debtor to move to quash an order granting a writ of garnishment by requesting a hearing "within 20 days after receiving" a notice of garnishment. 28 U.S.C. § 3202(d). However, the statute only permits certain topics at that hearing. *Id.* These are "the probable validity of any claim of exemption by the judgment debtor," "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," and "if the judgment is by default" and "the Constitution or another law of the United States provides a right to hearing," then two other topics are possible: "the probable validity of the claim for the debt which is merged in the judgment" and "the existence of good cause for setting aside such judgment." *Id.*

If a debtor wishes to raise a topic at a hearing beyond this list, 28 U.S.C. § 3205 provides an alternate avenue to the Court. However, while the topics at this kind of hearing are not circumscribed by statute, the debtor still must request her hearing within twenty days of receiving the garnishee's answer to the writ, and her objection must be to the garnishee's answer. 28 U.S.C. § 3205(c)(5); *United States v. Pettigrew*, No. 3:10-cv-2142-M, 2011 WL 900545, at *2 (N.D. Tex. Mar. 14, 2011).

> To properly place an objection under § 3205 before the court, the judgment debtor must file a written objection to the garnishee's answer and request a hearing within twenty days after the receipt of the answer, state the grounds for [her] objection, and serve the objections and the request for hearing on the garnishee and all parties.

*United States v. Atkins*, No. 3:15-cr-519-L, 2016 WL 7240594, at *2 (N.D. Tex. Nov. 4, 2016).

### III.    ANALYSIS

#### A.    Kurian's Request for a Hearing

Kurian received notice of the garnishment process no later than November 20, 2025. ECF No. 16 at 1. She was therefore required to move for a § 3202(d) hearing on or before December 10, 2025. By her request filed December 10, 2025, Kurian satisfied this procedural obligation. ECF No. 13. But the request Kurian filed is merely a form document in which she checked a box signaling her desire for a hearing. *See id.* While she did not explain under which ground in § 3202(d) she made the request, the Court can logically eliminate a few options.

First, the judgment against Kurian was not a default judgment, so the latter two options for a § 3202(d) hearing are not accessible to her. Next, Kurian had space on the form she filed to invoke an exemption and did not do so, so the first statutory option for a hearing is also not available. *See id.* That leaves only the potential of a hearing premised on the Government's "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d).

Kurian did not say that this was why she desired a hearing, and the only insight the Court has into why she first requested a hearing comes in the form of the later motion she filed on December 29, 2025 that is now before the Court. ECF No. 16. In that motion, Kurian at most alleges regarding the Government's compliance with its statutory requirements that she did not receive "30-day notice" before the Government initiated the garnishment proceeding and that the garnishment paperwork she did receive contained certain "administrative errors" concerning where to request a hearing. *Id.* at 1, 5.

These arguments in support of a hearing come nearly three weeks late. *See United States v. Clark*, 990 F.3d 404, 406 n.1 (5th Cir. 2021) (declining to consider objections to garnishment writs made for the first time after the 20 day-period had elapsed). But even if they were timely, Kurian does not allege that she never received pertinent garnishment paperwork from the Government—only that the Government did not tell her before it began the garnishment process. For example, while Kurian points to the lack of a "30-day notice," she does not contest that she received the Government's Application for Writ of Garnishment, the Court's Order for Issuance of Writ of Garnishment, the Writ of Garnishment, or the Clerk's Notice of Exemptions and Request for Hearing and/or Transfer Form, nor that her last-known address in Richardson, Texas was a suitable location to send these documents via first-class mail. *See generally* ECF No. 13; ECF No. 16.

The Court has reviewed the letter Kurian received from the Government that explained that she could file a written objection and request a hearing. The letter advised Kurian to mail or deliver her request to the Clerk of Court in Dallas. ECF No. 16 at 8. The Court cannot discern from Kurian's filings any administrative error from the Government in keeping her apprised of "where to request a hearing and submit payments." *Id.* at 1.

As for the "30-day notice," the Court construes this to refer to the requirement in 28 U.S.C. § 3205(b)(1)(B) that the Government include in its application for a writ of garnishment "the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due." 28 U.S.C. § 3205(b)(1)(B). The Government's application shows that the Government satisfied this obligation. *See* ECF No. 1 at 2 ("More than 30 days have elapsed since demand was made, and a balance remains on the debt."). The Court does not read 28 U.S.C. § 3205(b)(1)(B) to require the Government to notify Kurian

that thirty days remain before the Government intends to initiate garnishment proceedings. Kurian does not contest that the Government sent her a demand letter in August 2022. *See* ECF No. 16 at 5. August 2022 is more than thirty days before the United States initiated the garnishment proceeding in October 2025. *See also* 28 U.S.C. § 3205(b)(1)(B).

Accordingly, even were Kurian's arguments not late, the Court can discern no argument for hearing premised on the Government's "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." And without invoking a deficiency in the Government's adherence to the statutory requirements of 28 U.S.C. § 3205, Kurian does not establish the second statutory ground for a hearing under 28 U.S.C. § 3202(d). *See United States v. Meza*, No. 3:05-cr-106-L, 2019 WL 426480, at *2 (N.D. Tex. Feb. 4, 2019); *United States v. Brown*, No. 13-243, 2024 WL 5359935, at *2 (E.D. La. Dec. 27, 2024). Because Kurian has not raised one of the enumerated topics for hearing that 28 U.S.C. § 3202(d) provides, she is not entitled to a hearing under the statute.

Next, regarding a hearing under 28 U.S.C. § 3205, the statute required Kurian to request a hearing within twenty days of receiving the garnishee's answer. 28 U.S.C. § 3205(c)(5). Fidelity mailed its answer to the U.S. Attorney's Office and the Kurians on November 24, 2025. ECF No. 12 at 5. Although the record does not reflect when Kurian received Fidelity's answer, it was almost certainly before December 9, 2025 (twenty days before December 29, 2025), which would make her request untimely. In any event, Kurian's present motion does not reflect any specific concerns she has with Fidelity's answer as opposed to her concerns with the garnishment itself. *See generally* ECF No. 16. But a § 3205 hearing only concerns objections a debtor has with the garnishee's answer specifically. When a Defendant does not file an objection to the garnishee's answer, but instead objects only to the garnishment, she is not entitled to a hearing under § 3205.

*Pettigrew*, 2011 WL 900545, at *2; *United States v. Ingleman*, No. 3:12-cv-1597-B, 2013 WL 12137733, at *3 (N.D. Tex. June 26, 2013).

Further, to the extent Kurian intended to make the December 10, 2025 request for a hearing pursuant to § 3205 instead of § 3202(d), while that request would have almost certainly been timely, it still fails for similar reasons because in neither that filing nor in the one before the Court did Kurian list any objections specifically to Fidelity's answer. *Id.* Moreover, a barebones form requesting a hearing is particularly unavailing in the § 3205 context. A debtor's "fail[ure] to state the grounds for [her] objection in the paperwork [she] submitted" is "fatal under section 3205(c)." *United States v. Crowther*, 473 F. Supp. 2d 729, 732 (N.D. Tex. 2007); 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the objection.").

Kurian's request for a hearing is either untimely, insufficient, or both. As a result, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Kurian's request for a hearing.

### B.    Kurian's Other Requests

Beyond a hearing, Kurian also requests that the Court "reconsider and withdraw the garnishment," "correct the balance," "recognize the remaining balance" of $91,616.38, "permit voluntary satisfaction of the remaining balance," and "remove the 10% garnishment surcharge." ECF No. 16 at 6 (cleaned up). The undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Kurian's requests.

Kurian details a variety of personal challenges that have limited her ability to communicate with U.S. Probation and with the FLU. While the Court sympathizes with Kurian's obligations to her ailing father and the family emergencies she has faced in recent months, she does not present any evidence that the outstanding balance figure the Government presently cites is in fact incorrect, notwithstanding the confusion and frustration she feels towards those who have cited different figures to her at various times.

As the Government correctly notes, "[e]ven if Probation supplied Kurian an erroneous balance that accounted for payments made by one or more codefendants, those representations cannot override the Court's judgment nor the controlling law permitting the government to enforce the full sum of restitution ordered as to Kurian individually." ECF No. 18 at 6 (citing *United States v. Sheets*, 814 F.3d 256, 260-61 (5th Cir. 2016)). The Clerk of Court reports that Kurian's current outstanding balance is $209,834.28, and Kurian does not convincingly explain why that number is incorrect. *See generally* ECF No. 16.

The law "permits the Government to hold any individual defendant liable for as much as the court ordered as to that defendant." *Sheets*, 814 F.3d at 261. Kurian presents no authority to suggest that that principle is excused if a garnishment defendant received inaccurate information about how much she owed from former counsel, a probation officer, or someone else. *See also United States v. Goyette*, 446 F. App'x 718, 720-21 (5th Cir. 2011) (a garnishment defendant "cannot use [a] garnishment proceeding to collaterally attack the amount of restituted ordered in [her] criminal case"). Moreover, as previously explained, Kurian's complaints with certain alleged procedural and administrative defects on the Government's end are unavailing. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Kurian's requests to reconsider and withdraw the garnishment, correct the balance, and recognize a remaining balance of $91,616.38.

Next, Kurian requires no court order to permit her to voluntarily satisfy her own debt in full. She may certainly continue to present periodic payments to the Court just as she has done before. However, to the extent she means by this request for the Court to reconsider the garnishment, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** that request.

Finally, Kurian's challenge to the 10% surcharge is unsuccessful. Under 28 U.S.C. § 3011, the United States may "recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt." 28 U.S.C. § 3011(a). This entitlement "shall not apply" only if "the United States receives an attorney's fee in connection with the enforcement of the claim" or "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." *Id.* § 3011(b). Neither of these exceptions applies to the present case. Even taking Kurian at her word that the delinquency on her debt was the result of "administrative confusion, not willful noncompliance," ECF No. 16 at 5, Kurian still does not present any authority that this set of circumstances makes 28 U.S.C. § 3011 inapplicable. The statute certainly does not say as much, and the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** her request to remove the surcharge.

## IV.    CONCLUSION

Accordingly, for the reasons explained, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Kurian's requested relief and **DENY** her motion (ECF No. 16) in full.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district 6 court, except

upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the

time to file objections to 14 days)

**SIGNED** on February 6, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

10